THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| J. HOYT STEPHENSON, | )  Case No. 1:12CV00100 DS |
| Plaintiff, | ) |
| vs. | )  MEMORANDUM DECISION |
| | )        AND ORDER |
| | ) |
| OMNI HEALTH & FITNESS CLUB OF MOBILE, LLC, ET AL., | ) |
| Defendants. | ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendants Thrive National Corporation, thrive Systems, Inc., Bailey N. Hall, and Darwin Nelson (collectively, the "Thrive Defendants") move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Doc. #27).  Defendants Olde South Investment Group, LLC, and Robert M. Burch, Jr. (the "Burch Defendants") also move to dismiss the Complaint for lack of subject matter jurisdiction, as well as for lack of personal jurisdiction (Doc. #23).

Plaintiff filed his Complaint in this Court based on diversity jurisdiction under 28 U.S.C. 1332.  Both the Thrive Defendants and the Burch Defendants assert that because there is not complete diversity among the parties the Court lacks subject matter jurisdiction and the Complaint should be dismissed.  The Court agrees.

Because federal courts are courts of limited jurisdiction, there is a presumption against its existence, and the party invoking federal jurisdiction bears the burden of proof when diversity is challenged. *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974).  It is undisputed that several of the Defendants are citizens of Utah.  The Court is satisfied that the Thrive Defendants have placed in the record sufficient documentation to challenge Plaintiff's assertion that he is a resident of Wyoming, rather than a resident of Utah, for purposes of diversity.  Plaintiff, therefore, must establish that diversity exists by a preponderance of the evidence. After examining the pleadings the Court concludes that Plaintiff has failed in that burden.

Accordingly, the Thrive Defendants Motion to Dismiss for lack of subject matter jurisdiction (Doc. #27), and the Burch Defendants' Motion to Dismiss, to the extent it is based on the lack of subject matter jurisdiction (Doc. #23), are both granted. Plaintiff's Complaint, therefore, is dismissed.

IT IS SO ORDERED.

DATED this 13th day of September, 2012.

BY THE COURT:

*(signature)*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT